UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA R., <br><br> Plaintiff, <br><br> v. <br><br> SATELLITE CONTROL NETWORK, et al, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT** <br><br><br> Case No. 2:23-cv-00596 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Constantino Cuara R., proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against various entities.[1] Because the complaint is deficient as set forth below, the court permits Mr. Cuara R. to file an amended complaint to correct these deficiencies by **September 26, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

---

[1] (*See* Compl., Doc. No. 5.) The named defendants are Satellite Control Network, U.S. Space Force, Outer Space Treaty, NASA, Space X, Oneweb Satellites, Planet Labs, Inc., Chinese Ministry of National Defense, Ministry of Defense of Russian Federation, Spire Global, Inc., Swarn Techno Loyles, U.S. Air Force, Iridium Communications, Inc., National Reconnaissance Office, the 50 Operator Owners.

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Cuara R. proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

syntax and sentence construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

Mr. Cuara R.'s complaint lacks coherent factual allegations and fails to state a plausible claim for relief. The complaint alleges Mr. Cuara R. is "the owner of the land space and all trademarks of United States of America and global network federal and state[] entities under sha [sic] 256 fingerprint, hereditary blood malicious, and misco[]nduct."[13] These allegations are unintelligible and fail to support any cognizable claim. The complaint contains no other factual allegations, and it fails to allege any actions or omissions by the named defendants.

Mr. Cuara R. checked boxes on the pro se complaint form indicating he is bringing the case under 42 U.S.C. §§ 1983 and 1985,[14] but his incoherent allegations fail to state a claim under either statute. He fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983.[15] And he fails to allege any conspiracy to interfere with civil rights under section 1985.[16]

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl., Doc. No. 5 at 3.)

[14] (Compl., Doc. No. 5 at 1.)

[15] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[16] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

The complaint also makes conclusory references to various criminal statutes, including 18 U.S.C. § 1030 (computer fraud), 18 U.S.C. § 1348 (securities and commodities fraud), 18 U.S.C. § 1367 (interference with the operation of a satellite), and 18 U.S.C. § 2381 (treason).[17] While section 1030 authorizes private civil actions in certain circumstances,[18] Mr. Cuara R.'s complaint lacks any allegations concerning fraud to which this statute would apply, and it fails to allege facts sufficient to show he has standing to bring a claim under this statute. Further, sections 1348, 1367, and 2381 do not create private rights of action.[19] Thus, Mr. Cuara R. fails to state a claim under the statutes referenced in the complaint, or any other recognized cause of action.

---

[17] (*See* Compl., Doc. No. 5 at 4.)

[18] *See* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

[19] *See Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 U.S. Dist. LEXIS 34391, at *17 (D. Colo. Mar. 4, 2019) (unpublished) ("18 U.S.C. § 1348 is a criminal statute without a private right of action."); *Jacobo-Rosas v. Elsenheimer*, 2022 U.S. Dist. LEXIS 70503, at *4 (D.N.M. Apr. 18, 2022) (unpublished) ("18 U.S.C. 2381 (treason) . . . cited by Plaintiff do[es] not create a private right of action to recover."); *Rogerson v. United States*, CV 08-5060-AWB, 2009 U.S. Dist. LEXIS 40339, at *17 (D.S.D. May 13, 2009) (unpublished) (dismissing plaintiff's 18 U.S.C. § 1367 claim because "generally there is no private cause of action for violation of criminal laws").

Because Mr. Cuara R.'s complaint fails to state a plausible claim for relief, it is subject to dismissal.[20] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[21] Accordingly, Mr. Cuara R. will be given an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Cuara R. may file an amended complaint by **September 26, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Cuara R. is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[22]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's September 1, 2023 order[23] remains in place.

---

[20] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[21] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[22] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[23] (Doc. No. 4.)

5.     Failure to file an amended complaint may result in dismissal of this action.

DATED this 5th day of September, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge
